UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYLVIA ANN ROBERTS, | § |
| | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H - 06 - 02132 |
| | § |
| MICHAEL ASTRUE, COMMISSIONER | § |
| OF THE SOCIAL SECURITY | § |
| ADMINISTRATION | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND ORDER

On August 3, 2007, Plaintiff filed a Motion for Reconsideration (Docket #15) asking the Court to reconsider its Memorandum and Order of July 5, 2007 (Docket #14), which granted summary judgment for Defendant and dismissed the case with prejudice. In its motion, Plaintiff renews its contention, already advanced at pages 24-27 of its Motion for Summary Judgment (Docket #9), that Defendant erred by failing to give proper consideration and weight to a letter written by treating physician Dr. Philip A. Waller ("the letter"). The letter, which was written after Plaintiff's last-insured date and which contains certain retrospective statements about Plaintiff's disability, was submitted to Defendant's Appeals Council, but not to the Administrative Law Judge ("ALJ"). Plaintiff argues that Defendant's Appeals Council committed reversible error by failing to explain the weight given to the letter. Plaintiff therefore asks the Court to set aside its July 5, 2007 Order and remand the case to the ALJ for further proceedings.

While the Court understands Plaintiff's desire to prevail in this case, the Court must stand by its previous analysis. In that Order, the Court pointed out that the statements offered by Dr. Waller in the letter are not the kinds of statements that Defendant must give "special

significance." The Court cited *Frank v. Barnhart,* in which the Fifth Circuit stated, "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.'" 326 F.3d 618, 620 (5th Cir. 2003) (citation omitted). "These determinations," according to the Fifth Circuit, "are legal conclusions . . . reserved to the Commissioner," and therefore do not require the multi-factored analysis of medical opinions mandated by 20 C.F.R. § 404.1527(d). *Id.* Because the letter constitutes Dr. Waller's legal conclusion that Plaintiff is disabled, Defendant was not required to give the letter special significance, and therefore did not err by declining to engage in § 404.1527(d)'s multi-factor test.

The Court's July 5, 2007 Order also notes, correctly, that the letter was difficult to reconcile with the other evidence in the record, and that the circumstances surrounding the letter were "curious." The Court pointed out that the letter's conclusions about Plaintiff's disability are significantly different from Dr. Waller's own treatment notes, this despite the fact that the letter does not appear to be based on a new examination of Plaintiff. Moreover, the Court expressed well-placed skepticism about the timing of the letter, which was submitted after Plaintiff's unsuccessful adjudication before the ALJ. To these observations the Court would add today that a close reading of the passages from the letter that Plaintiff relies upon shows that the letter does not, in fact, provide an opinion about Plaintiff before her last-insured date. The letter states that "[t]he patient cannot function in any type of work environment *at this time,*" and that "[t]he patient is disabled *now* and will be disabled *forever.*" (R. 521) (emphasis added) As the italicized portions of these statements show, the letter refers only to Plaintiff's current and future state of alleged disability, not to Plaintiff's medical condition before her last-insured date. The only statement about the relevant time period is Dr. Waller's statement, "Her diagnosis has been . . .," which is followed by a list of diagnoses already provided in the Record. (R. 521) Given

these many concerns, if Defendant did indeed discount the weight of the letter in its decision to deny Plaintiff's claim, it did so properly.

Plaintiff's reliance on *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000), for the proposition that the Court must remand the case to give the ALJ the opportunity to consider the letter is misplaced. In *Loza*, the Fifth Circuit gave weight to a retrospective medical diagnosis of post traumatic stress disorder ("PTSD"). *Id.* at 396. The diagnosis discussed the severity of the claimant's condition before the expiration of his insured status, and it was corroborated by lay evidence relating back to the claimed periods of disability. *Id.* Noting the Commissioner's "failure to recognize the existence and significance of this cogent evidence," the Fifth Circuit credited the diagnosis because "PTSD is an unstable condition that may not manifest itself until well after the stressful event which caused it . . . ." *Id.* (quoting *Likes v. Callahan*, 112 F.3d 189,190 (5th Cir. 1997)). The present case is easily distinguishable. First, as discussed above, the letter does not actually say that Plaintiff was disabled before the expiration of her insured status. Second, far from being cogent and corroborated by other evidence, the letter is inconsistent with its author's own treatment records. Third, Defendant did not fail to recognize the existence of the letter, it simply declined to give a lengthy explanation of its weight. In addition, the Court questions whether any of Plaintiff's impairments are the kind of impairments that, like PTSD, are likely not to manifest themselves until well after the event which caused them.

Defendant properly considered Dr. Waller's letter, and the Court properly rejected Plaintiff's claims to the contrary. No purpose will be served by further consideration. For the reasons outlined above, the Court declines to disturb its Memorandum and Order of July 5, 2007, and Plaintiff's Motion for Reconsideration (Docket #15) is hereby **DENIED**.

IT IS SO ORDERED.

SIGNED this 17th day of October, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.